IN THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

2008 DEC -5 AM 10: 27

| | |
|---|---|
| DELON GOBELI, | ) |
| PLAINTIFF, | ) CASE NO. LACV107358 |
| vs. | ) PETITION AT LAW |
| MELALEUCA INC., and MELALEUCA, INC | ) AND JURY DEMAND |
| DEFENDANTS. | ) |

COMES NOW, Plaintiff, Delon Gobeli and for his cause of action against Defendants states the following:

1. Plaintiff, Delon Gobeli, is a resident of Black Hawk County, Iowa.

2. Defendants, Melaleuca Inc., and/or Melaleuca, Inc is incorporated in Idaho and is in the business of manufacturing and selling vitamins, including the vitamin Daily for Life for Men.

3. Plaintiff purchased the vitamin Daily for Life for Men from Defendants.

4. Plaintiff consumed Daily for Life for Men vitamins as directed by Defendants and a short time later became seriously ill.

5. Plaintiff was at Allen Memorial Hospital in Waterloo, Iowa, from July 6th through July 13, 2007. Dr. Ravi Mallavarapu opinioned that Mr. Gobeli was drug induced from a multivitamin herbal supplement called Daily for Life for Men.

6. Mr. Gobeli was transferred to the University of Iowa Hospitals & Clinics in Iowa City, Iowa, from July 16, 2007 to July 26, 2007.

7. Dr. Schmidt of the University of Iowa Hospitals & Clinics (hepatologist) has opinioned that Mr. Gobeli was drug induced from the Daily for Life for Men supplement sold by Defendants to Plaintiff.

WHEREFORE, Plaintiff, Delon Gobeli, prays that a jury trial be held and for an award of damages, including past and future medical expenses, past and future pain and suffering, past loss of body as a whole and punitive damages, in accordance with evidence and in an amount to fairly compensate his and for any other relief the Court may deem just and proper against both Defendants.

## COUNT I – FAILURE TO WARN

Plaintiff repleads paragraphs one through seven of his cause of action and states the following:

8. Defendants failed to warn Plaintiff that the Daily for Life for Men supplement could cause acute toxicity and serious illness.

9. Defendants' failure to warn that product could cause acute toxicity or serious illness was a proximate cause of damages.

10. Plaintiff requests the following damages:

    a. Past medical expenses.
    b. Future medical expenses.
    c. Past pain and suffering.
    d. Future pain and suffering.
    e. Past loss of body as a whole.
    f. Future loss of body as a whole.

11. Plaintiff further claims Defendants' conduct was wanton and reckless and request that punitive damages be awarded.

WHEREFORE, Plaintiff, Delon Gobeli, prays that a jury trial be held and for an award of damages, including past and future medical expenses, past and future pain and suffering, past loss of body as a whole and punitive damages, in accordance with evidence and in an amount to fairly compensate his and for any other relief the Court may deem just and proper against both Defendants.

## COUNT II – EXPRESS WARRANTY

Plaintiff repleads paragraphs one through seven of his cause of action and states the following in support of its express warranty claim:

12. Defendants specifically state on the box that the vitamins come in that Daily for Life for Men gives you a "safe, therapeutic dose of nutrients you need in easy to swallow tablets and vegetable capsules".

13. Defendants' failure to fulfill express warranty was a substantial factor in bringing about damage to Plaintiff.

14. Plaintiff requests the following damages:
    a. Past medical expenses.
    b. Future medical expenses.
    c. Past pain and suffering.
    d. Future pain and suffering.
    e. Past loss of body as a whole.
    f. Future loss of body as a whole.

15. Plaintiff seeks punitive damages for Defendants' reckless and wanton disregard for others safety.

WHEREFORE, Plaintiff, Delon Gobeli, prays that a jury trial be held and for an award of damages, including past and future medical expenses, past and future pain and suffering, past loss of body as a whole and punitive damages, in accordance with evidence and in an amount to fairly compensate his and for any other relief the Court may deem just and proper against both Defendants.

## COUNT III – STRICT LIABILITY

COMES NOW Plaintiff and repleads paragraphs one through seven and states the following for his strict liability claim:

16. Defendants were engaged in selling and/or making and producing vitamins.

17. Product was defective when it left Defendants' control and was substantially unchanged when it reached Plaintiff.

18. Plaintiff's consumption of product caused Plaintiff to suffer physical harm.

19. Defect in product was a proximate cause of damages.

20. Plaintiff requests the following damages:
    a. Past medical expenses.
    b. Future medical expenses.
    c. Past pain and suffering.
    d. Future pain and suffering.
    e. Past loss of body as a whole.
    f. Future loss of body as a whole.

21. Plaintiff seeks punitive damages for the wanton and reckless disregard of Defendants' conduct.

WHEREFORE, Plaintiff, Delon Gobeli, prays that a jury trial be held and for an award of damages, including past and future medical expenses, past and future pain and suffering, past

loss of body as a whole and punitive damages, in accordance with evidence and in an amount to fairly compensate his and for any other relief the Court may deem just and proper against both Defendants.

## COUNT IV – NEGLIGENCE

COMES NOW, Plaintiff and repleads paragraphs one through seven and states the following:

22. Defendants were negligent in allowing highly toxic vitamins to be sold to Plaintiff.

23. Negligent acts of Defendants were a substantial factor in causing damage to Plaintiff.

24. Plaintiff seeks damages for the following:
    a. Past medical expenses.
    b. Future medical expenses.
    c. Past pain and suffering.
    d. Future pain and suffering.
    e. Past loss of body as a whole.
    f. Future loss of body as a whole.

25. Plaintiff further seeks punitive damages for the reckless and wanton behavior of the Defendants.

WHEREFORE Plaintiff, Delon Gobeli, request that a trial be held and that the Defendants be held liable for all damages allowed and including punitive damages attorney fees in this case and that judgment be rendered against both Defendants.

Respectfully submitted,

RAUSCH LAW FIRM

By: _____
John J. Rausch AT#0006398
2022-2024 Bopp Street
P.O. Box 905
Waterloo, IA 50704-0905
Telephone (319) 233-3557
Facsimile (319) 233-3558