IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DELON GOBELI, | ) |
| | ) |
|     Plaintiff, | ) NO.: 6:09-cv-2001 |
| | ) |
| vs. | ) |
| | ) REPLY BRIEF IN SUPPORT OF |
| MELALEUCA INC., and | ) DEFENDANT'S MOTION |
| MELALEUCA, INC | ) TO COMPEL ARBITRATION |
| | ) |
|     Defendant. | ) |

Defendant, Melaleuca, Inc. ("Melaleuca"), pursuant to 9 U.S.C. § 3 and Local Rule 7(g), provides this Reply Brief in support of its Motion to Compel Arbitration.

The parties agreed to arbitrate all claims and disputes of any nature pursuant to the terms of Exhibits A & B (the "Agreements"). Because of their interstate nature, the Federal Arbitration Act (FAA) preempts any attempts to limit or restrict such Agreements. As a result, Defendant requests the Court enter an order compelling arbitration in accordance to the terms of the Agreements.

I. THE FEDERAL ARBITRATION ACT PREEMPTS IOWA LAW EXCLUDING MATTERS IN TORT

The Agreement's broad arbitration language covers all claims or disputes of any nature arising from the relationship between Plaintiff and Defendant and, thus, encompasses the tort claims alleged by Plaintiff. The Eighth Circuit will generally construe broad language in a contractual arbitration provision to include tort claims arising from the contractual relationship. *See Hudson v. Conagra Poultry Co.*, 484 F.3d 496, 499 (8th Cir. 2007); *CD Partners v. Grizzle,* 424 F.3d 795, 800 (8th Cir. 2005)

("Broadly worded arbitration clauses such as the ones at issue here are generally construed to cover tort suits arising from the same set of operative facts covered by a contract between the parties to the agreement.").

Because the FAA governs contracts involving interstate commerce and when the parties agree to arbitration in a contract involving interstate commerce, as the parties did here, the FAA supersedes state laws prohibiting specific enforcement of arbitration agreement. *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 273, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *see also Webb v. R. Rowland & Co.*, 800 F.2d 803, 806 (8th Cir. 1986) (holding that the FAA preempts the state statutory requirement that all arbitration provisions be accompanied by a notice, in ten point capital letters and that the contract contains a binding arbitration provision). Indeed, Section 2 of the FAA "plainly forbids federal courts from applying 'state statues and decisions which limit arbitration agreements with rules not applicable to other contracts.'" *Hoffman v. Cargill, Inc.*, 968 F. Supp. 465, 472 (N.D. Iowa 1997) (citation omitted)).

Plaintiff argues adherence to Iowa law. Such an argument is not well taken. Courts regularly find state law preempted in situations where the scope of the arbitration is questioned. *See, e.g.*, *Hudson*, 484 F.3d at 499-502; *CD Partners*, 424 F.3d at 800-802; *Hoffman*, 968 F. Supp. at 472-73. For example, in *Hudson v. Conagra Poultry Company*, the court found that the broad language of the arbitration provision included tort claims regardless of a potential conflict with substantive law of the Arkansas excluding tort claims from arbitration. 484 F.3d at 501. Despite Plaintiff's

state law argument, the FAA preempts any attempts to limit the relevant arbitration provisions.

II.     THE FEE SHIFTING ARRAINGEMENT IS PROPER

Fee-shifting provisions are enforceable under Iowa Code § 625.22.[1]  Iowa case law and statutory language supports the enforceability of reasonable attorney's fees in written contracts, including in arbitral settings.  *See Ales v. Anderson Galelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 842-44 (Iowa 2007); *Townsend v. Nickell,* 2009 WL 928697 (Iowa Ct. App. Apr. 8, 2009); Iowa Code § 625.22.

Despite this statutory language, Plaintiff also appears to assert that the potential costs of arbitration require severing such fee provisions.  First, such provisions are authorized and recognized by Iowa law.  Second, even assuming the lack of statutory support, the fee provisions are proper <u>unless</u> information specific to the circumstances indicate that fees are cost-prohibitive and preclude the vindication of statutory rights in an arbitral forum.  *See Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513 (2000).  The Plaintiff bears the burden of showing the likelihood of incurring such costs, *id.* at 92, and has failed to do so. [2]

---

[1]  Iowa Code § 625.22 states, "[w]hen judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as part of the costs a reasonable attorney's fee to be determined by the court."

[2]  Importantly, Plaintiff admits that his argument does not invalidate the arbitration agreement but focuses instead on whether this provision should be severed.  *See, e.g.*, *Faber v. Menard, Inc.*, 367 F.3d 1048, 1054 (8th Cir. 2004) (directing district court to sever clause and order arbitration); *Dobbins v. Hawk's Enter.*, 198 F.3d 715, 717 (8th Cir. 1999) (reversing district court's decision denying motion to compel arbitration because cost-sharing provision may be offset by AAA waiver, reduced arbitrator fees, or defendant's offer to pay fees).

Moreover, to establish unconscionability, Plaintiff must show arbitration will be cost-prohibitive considering: (1) likely arbitrators' fees, and (2) plaintiffs' financial ability to pay them. *Faber*, 367 F.3d at 1054. While Plaintiff submits affidavits speculating the costs of arbitration, Plaintiff has not satisfied his burden. The Eighth Circuit requires a party seeking to invalidate an arbitration agreement due to prohibitive costs to have "'fully explored' a fee waiver, including providing financial information to the Association, and presenting a realistic demand for damages." *Seibert v. Amateur Athletic Union of U.S., Inc.*, 422 F. Supp. 2d 1033, 1043 (D. Minn. 2006) (citing *Dobbins v. Hawk's Enters.*, 198 F.3d 715, 717 (8th Cir. 1999)). Plaintiff has not made such a request nor does it appear he looked into these options.

III.    THE PARTIES PROPERLY AGREED TO THE ARBITRATION LOCATION

A provision clearly setting forth a specific location for conducting an arbitration is enforceable. The FAA requires the court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A. § 4. The location of the arbitration is one of the "terms" of an arbitration agreement and, as such, courts must give effect to freely-negotiated forum selection clauses made, absent some compelling and countervailing reason. *See also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (forum-selection clause enforced unless it is shown to be unreasonable or unjust or clause is invalid for reasons such as fraud or overreaching); *M.A. Mortenson/The Meyne Co. v. Edward E. Gillen Co.*, 2003 WL 23024511, *4 (D. Minn.); *Bradley v. Harris Research, Inc.*, 275 F.3d 884, 892 (9th Cir. 2001) (FAA preempts state law prohibiting

out-of-state venue for franchise contract claim). Plaintiff has not met this burden as he has only made unsubstantiated conclusions as to the alleged costs to arbitrate this matter in Idaho, rather than presenting such evidence. *Cf. Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 615 (8th Cir. 1994) (noting that with the increasing nationalization of commerce, modern transportation and communication have made it much less burdensome for a party to defend himself in another state).

## III. CONCLUSION

For the foregoing reasons, the Court should: (1) grant Melaleuca's Motion to Compel arbitration, and stay this proceeding until its conclusion, and (2) order such other and further relief as this Court may deem appropriate.

```
                              /s/ Mark L. Zaiger
                              MARK L. ZAIGER         AT0008655
                              MARK P.A. HUDSON       AT0003691
                                        for
                              SHUTTLEWORTH & INGERSOLL, P.C.
                              500 U.S. Bank Bldg., P.O. Box 2107
                              Cedar Rapids, IA 52406
                              PHONE:    (319) 365-9461
                              FAX:      (319) 365-8564
                              mlz@shuttleworthlaw.com
                              mph@shuttleworthlaw.com
                              ATTORNEYS FOR DEFENDANTS
```

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he caused copies of the foregoing Reply Brief In Support of Defendant's Motion To Compel Arbitration to be served on counsel of record through the Court's Electronic Case Filing/Case Management ("ECF/CM") system this 4th day of May, 2009, addressed to:

John J. Rausch

/s/ Mark L. Zaiger
Mark L. Zaiger